IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARC NORFLEET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-1279-SMY-DGW |
| | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, PATRICK KEANE, | ) | |
| GLADYSE C. TAYLOR, and SHERRY | ) | |
| BENTON, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Staci M. Yandle pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Motion for Preliminary Injunction (Doc. 6). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED WITHOUT PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff initiated this action on November 17, 2015 alleging Defendants, the Illinois Department of Corrections, ADA Compliance Officer Patrick Keane, IDOC Director Gladyse Taylor, and ARB Chairperson Sherry Benton, implemented a policy and practice of overcrowding "ADA cells" in violation of his Eighth Amendment rights. Plaintiff asserts that due to this policy he and another wheelchair-bound inmate are housed in a cell with two non-disabled inmates,

resulting in inadequate floor space and overcrowding of the cell.   Plaintiff claims that such overcrowding causes issues with hygiene and promotes physical altercations among the cellmates. After an initial screening of Plaintiff's complaint, he is proceeding on the following claims:

> Count 1:    Defendants Taylor, Benton, and Keane subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment when they knowingly and with deliberate indifference forced Plaintiff to live in an overcrowded cell; and

> Count 2:    Defendant IDOC intentionally forced Plaintiff to live in an overcrowded cell in violation of the ADA and Rehabilitation Act.

In his complaint, Plaintiff included a request for a "Preliminary Injunction (TRO) Temporary Restraining Order" (Doc. 1, pp. 15-16), and attached a "Petition for 90-day Emergency Preliminary Injunction" (Doc. 1, p. 38).   In his motion, Plaintiff asks that the Court order Defendants to cease and desist assigning non-disabled inmates to ADA cells as he is being subjected to a pattern of injuries.   Plaintiff also asserts that the assignment of non-disabled inmates to ADA cells is in contravention of applicable prison regulations and statutory obligations.

***Motion Hearing***

The Court held a hearing on Plaintiff's motion for preliminary injunction on August 1, 2016 wherein Plaintiff provided testimony and argument on his behalf.   At the hearing, Plaintiff indicated that he was currently being housed in a "transitional" cell with only one other wheelchair-bound inmate.   Plaintiff explained that he has been assigned to his current cell since approximately March 25, 2016 and acknowledged that the problems with cell-overcrowding cited in his complaint and motion for preliminary injunction are not an issue with his current housing situation.   However, Plaintiff explained that he could be placed in a four-person, non-ADA

compliant cell again at any time.   Based on Plaintiff's representations, Defendants asserted that

Plaintiff's motion is moot.

## CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be

a "clear showing" that Plaintiff is entitled to relief.   *Mazurek v. Armstrong*, 520 U.S. 968, 972

(1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL

PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)).   The purpose of such an injunction is "to

minimize the hardship to the parties pending the ultimate resolution of the lawsuit."   *Faheem-El*

*v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988).   Plaintiff has the burden of demonstrating:

1. A reasonable likelihood of success on the merits;
2. No adequate remedy at law; and
3. Irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. of Health*, 699 F.3d 962, 972 (7th

Cir. 2012).   As to the first hurdle, the Court must determine whether "plaintiff has any likelihood

of success – in other words, a greater than negligible chance of winning."   *AM General Corp. v.*

*DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002).   The Court must then weigh "the

balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of

an injunction on the public interest."   *Id.*   In addition, the Prison Litigation Reform Act provides

that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct

the harm . . . ," and "be the least intrusive means necessary to correct that harm."   18 U.S.C. §

3626(a)(2).   Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary

injunction would bind only the parties, their officers or agents, or persons in active concert with the

parties or their agents.   The movant's threshold burden, however, is to show the first three factors.

*Ping v. Nat'l Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989).

Based on Plaintiff's present housing circumstances, the Court finds that Plaintiff is unable to meet his threshold burden and establish his entitlement to any preliminary injunctive relief. Importantly, as conceded by Plaintiff, he is not currently suffering an imminent or irreparable harm.   Specifically, Plaintiff is no longer being housed in conditions he deems unconstitutional as he is no longer in a four-person cell with non-disabled inmates.   According to Plaintiff, he is currently in a "transitional" cell with only one other wheelchair-bound inmate and, at the hearing, he made no indication that his current housing situation was hindering his ability to maintain his hygiene or subjecting him to harassment or physical abuse.   As such, Plaintiff's present housing circumstances do not demonstrate the likelihood of immediate and irreparable harm sufficient to warrant a preliminary injunction.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 6) be **DENIED WITHOUT PREJUDICE**; that he be **GRANTED LEAVE** to refile his motion if his housing circumstances change and he is again placed in a four-person cell with inmates who are not wheelchair-bound; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir.

2003).

**DATED: August 4, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**