IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| MARC NORFLEET, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:15-cv-1279-SMY-DGW |
| ILLINOIS DEPARTMENT OF CORRECTIONS, PATRICK KEANE, GLADYSE C. TAYLOR, and SHERRY BENTON, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Staci M. Yandle pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction (Docs. 56 and 58). For the reasons set forth below, it is **RECOMMENDED** that the Motions be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Marc Norfleet filed this action on November 17, 2015 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville CC"). Following a screening of Plaintiff's complaint pursuant to 28 U.S.C. §1915A, Plaintiff was allowed to proceed on an Eighth Amendment claim, as well as an ADA and Rehabilitation Act claim against the Illinois Department of Corrections ("IDOC"), the IDOC

Director Gladyse Taylor, IDOC Administrative Review Board ("ARB") Chairperson Sherry Benton, and ADA Compliance Officer Patrick Keane for forcing Plaintiff, a wheelchair bound inmate, to live in an overcrowded cell.

In conjunction with his complaint, Plaintiff filed a motion for preliminary injunction asking the Court to order Defendants to cease and desist overcrowding ADA cells and a hearing was held by the undersigned. Plaintiff's motion was denied as he was no longer in an overcrowded cell.

Subsequently, Plaintiff filed the motions for temporary restraining order ("TRO") and preliminary injunction ("PI") that are now before the Court. Plaintiff's motion dated October 27, 2016 encompasses his motion dated October 21, 2016 in its entirety. Accordingly, the Court's discussion and analysis concerning these motions will be directed at Plaintiff's latter motion (Doc. 58).

In his motion for TRO and PI, Plaintiff asserts that he is being subjected to retaliation by Defendants IDOC, Benton, Lashbrook, Spiller, and Love through Wexford Health Sources, Inc., Pinckneyville CC, and Medical Director Michael Scott[1]. In particular, Plaintiff complains that Dr. Scott discontinued his prescription for medications that accommodate his disability. Plaintiff explains that he informed Defendants of this occurrence by way of letters and formal grievances, but to no avail. In support of his motion, Plaintiff provided a number of grievances in which he lodged various complaints, including complaints regarding the discontinuation of his medications. Defendants timely responded to Plaintiff's motion arguing he failed to meet his threshold burden

---

[1] The Court notes that of the individuals identified by Plaintiff as defendants in this action only Benton and the IDOC are accurately identified as such.

in establishing entitlement to a preliminary injunction.

## CONCLUSIONS OF LAW

*Temporary Restraining Order*

Federal Rule of Civil Procedure 65 provides specific procedures for the issuance of a preliminary injunction and a temporary restraining order ("TRO"). A TRO can be issued without notice and, by its term, is temporary in nature. If a TRO is issued without notice, the matter must be set for a hearing on a motion for a preliminary injunction. Rule 65(a) states that no preliminary injunction shall be issued unless notice is given to the adverse party. In addition, Plaintiff must show that he is reasonably likely to succeed on the merits, that no adequate remedy at law exists, and that he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted. Finally, Plaintiff must show that the injunction will not harm the public interest. *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). *See also Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If Plaintiff meets this initial burden, "then the inquiry becomes a 'sliding scale' analysis where these factors are weighed against one another." *Joelner*, 378 F.3d at 619.

In this case, Plaintiff is not entitled to a TRO. Plaintiff's request for a TRO has been *de facto* converted into a motion for preliminary injunction as the respondent is on notice of the request and has been given an opportunity to respond. *See Doe v. Village of Crestwood, Illinois*, 917 F.2d 1476, 1477 (7th Cir. 1990). Therefore, because the Court will rule on the merits of Plaintiff's motion for preliminary injunction, the Court **RECOMMENDS** that Plaintiff's request for a temporary restraining order be **DENIED**.

*Preliminary Injunction*

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

    1. a reasonable likelihood of success on the merits;
    2. no adequate remedy at law; and
    3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the

parties or their agents.

The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants. Here, Plaintiff is seeking preliminary injunctive relief from what he claims is retaliatory conduct; however, Defendants have no involvement in the actions complained of — Dr. Scott's alleged discontinuation of prescription medications. Further, although Plaintiff contends that he informed Defendants of Dr. Scott's actions, he failed to provide any particularities to support this statement and implicate any defendant in a retaliatory scheme. The Court also notes that the grievances attached to Plaintiff's motion fail to provide support for Plaintiff's allegation that Defendants were somehow involved in Dr. Scott's decision to discontinue his prescriptions. Accordingly, the Court does not find that this is the appropriate avenue for Plaintiff to obtain the relief he seeks (renewal of the prescription for his medications). *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("A preliminary injunction is appropriate when it grants relief of the same nature as that to be finally granted."). If Plaintiff wishes to pursue claims against particular individuals for the incidents described in his motions he is not without recourse as he may file a new lawsuit, if appropriate, seeking relief from these individuals therein.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction (Docs. 56 and 58) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 4, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**