IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARC NORFLEET, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-1279-SMY-DGW |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, PATRICK KEANE, GLADYSE C. TAYLOR, and SHERRY BENTON, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now before the Court are the following motions filed by Plaintiff, Marc Norfleet:

1. Revised Version of Motion for Leave to File Exhibit A Amended Complaint (Doc. 87);

2. Renewed Motion for Replacement Counsel (Doc. 96);

3. Second Renewed Motion for Replacement Counsel and Needed "Class" Temporary Restraining Order (Doc. 100);

4. Motion for Certification of Class and Objection to June 16, 2017 Deposition (Doc. 101); and

5. Motion for Status (Doc. 102).

The Court has reviewed Plaintiff's filings, and any responses thereto, and sets forth its ruling on each motion below.

### REVISED VERSION OF MOTION FOR LEAVE TO FILE
### EXHIBIT A AMENDED COMPLAINT (DOC. 87)

Plaintiff Marc Norfleet is an inmate in the custody of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"). Plaintiff filed this action pursuant to 42 U.S.C. §1983 alleging that his constitutional and statutory rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). The Court conducted a threshold review of Plaintiff's complaint pursuant to 28 U.S.C. §1915A and allowed Plaintiff to proceed on the following claims:

> Count One: Defendants Patrick Keane, Sherry Benton, and Gladyse Taylor subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment when they knowingly and with deliberate indifference forced Plaintiff to live in an overcrowded cell; and
>
> Count Two: Defendant Illinois Department of Corrections intentionally forced Plaintiff to live in an overcrowded cell in violation of the ADA and Rehabilitation Act.

Following the filing of his complaint Plaintiff filed a number of motions to amend that were denied without prejudice when Plaintiff was appointed counsel, Attorney Joshua Worthington, to represent him in this case (*see* Doc. 76). Soon after counsel's appearance on behalf of Plaintiff, he sought to withdraw (at Plaintiff's behest). After discussing the issue with counsel, the Court granted Attorney Worthington's motion and Plaintiff was advised that he was proceeding *pro se* (Doc. 82). On March 10, 2017, Plaintiff filed his "Revised Version Plaintiff's Motion for Leave to File Exhibit A Amended Complaint", which the Court construes as a motion to amend the complaint (Doc. 87). Although his motion was filed well after the deadline, the

Court will consider the motion on the merits in light of Plaintiff's timely filed motions to amend that were denied without prejudice.

In his proposed amended complaint, Plaintiff seeks to convert this action to a class action. Although not entirely clear, it appears Plaintiff is attempting to bring class claims for violations of the ADA and Rehabilitation Act.

Although Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading, and that a leave to amend should be freely given when justice so requires "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002)). Moreover, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a cognizable claim, the complaint must provide enough detail to give defendants fair notice of the nature of the claim and the grounds upon which it rests and to show that relief is plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, Federal Rule of Civil Procedure 23(a) prescribes that one or more members of a class may sue as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the

claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

In light of the standards set forth in *Twombly* and *Iqbal*, and pursuant to Rule 23, Plaintiff's motion to amend must be denied. First, Plaintiff failed to allege, with any specificity, the actions undertaken by each proposed defendant that form the basis of his claims (the Court also notes that it is not entirely clear what claims Plaintiff is attempting to bring). Accordingly, there is no factual content for the Court to draw an inference that any defendant is liable for the misconduct alleged. Moreover, the Court finds Plaintiff's proposed complaint wholly deficient in its attempt to bring forth a class complaint as there is no indication that the proposed class meets the requirements of Rule 23. Indeed, Plaintiff's motion is devoid of any evidence that his claims are typical of the claims of the class or that he would fairly and adequately protect the interests of the class. Further, Plaintiff has failed to sufficiently demonstrate that the class is so numerous that joinder is impracticable. The Court notes that Plaintiff submitted identical affidavits of eight prisoners complaining about conditions at Pinckneyville, but said affidavits are simply insufficient to meet the requirements of Rule 23.

For these reasons, Plaintiff's Motion (Doc. 87) is **DENIED**.

### RENEWED MOTION FOR REPLACEMENT COUNSEL (DOC. 96)

Plaintiff asks the Court to "reappoint" him counsel as his previous counsel was allowed to withdraw and this action is beyond his skill level.

In the Court's order appointing counsel (Attorney Worthington) to this matter Plaintiff was advised that if counsel was allowed to withdraw at the request of Plaintiff there was no guarantee the Court would appoint other counsel. In Attorney Worthington's motion to withdraw, he represented that Plaintiff informed counsel in writing and by telephone that he wanted counsel to

withdraw and Plaintiff indicated he was aware that he would not be guaranteed appointment of other counsel (Doc. 81). Despite receiving these warnings, Plaintiff now asks for replacement counsel. Plaintiff's motion is **DENIED**. Plaintiff has not provided an adequate or compelling reason for the Court to appoint yet another attorney to this matter when Plaintiff already asked a previously-appointed attorney to withdraw. Allowing Plaintiff to "cherry pick" an attorney in this manner is not an efficient or just use of the Court's limited resources.

**SECOND RENEWED MOTION FOR REPLACEMENT COUNSEL AND NEEDED "CLASS" TEMPORARY RESTRAINING ORDER (DOC. 100)**

In this motion Plaintiff indicates he is unable to sleep due to his worrying about the wheelchair bound inmates at Pinckneyville and states that they are still depending on his proposed class action complaint. Plaintiff has also attached the "ADA/Section 504 Design Guide" apparently issued by the United States Department of Justice Civil Rights Division concerning accessibility in cells in correctional facilities, as well as a portion of his cumulative counseling summary, a miscellaneous, unidentifiable document, and this Court's previous order appointing him counsel to his motion. Beyond the title of his motion, Plaintiff fails to specify the relief he seeks. Accordingly, the Court only addresses the relief mentioned in the title of his motion. With regard to his apparent renewed request for replacement counsel, for the reasons set forth above, this request is **DENIED**. With regard to his motion for a temporary restraining order, the Court finds Plaintiff's motion devoid of any argument concerning this issue and, as such, there is simply no basis on which relief may be granted. Accordingly, any request for a temporary restraining order is **DENIED**.

### MOTION FOR CERTIFICATION OF CLASS AND OBJECTION
### TO JUNE 16, 2017 DEPOSITION (DOC. 101)

In this motion Plaintiff asserts there are approximately fifty wheelchair bound inmates confined to overcrowded cells in the IDOC and that many are unable to bring their own claims. Plaintiff also contends that the entire class of wheelchair bound inmates requires injunctive relief. Insofar as Plaintiff seeks certification of a class, his motion is **DENIED**. As set forth above, Federal Rule of Civil Procedure 23(a) prescribes that one or more members of a class may sue as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Plaintiff's motion fails to address these requirements and, moreover, his motion to amend the complaint was denied. For clarification, Plaintiff is only proceeding with the following claims in this action:

> Count One: Defendants Patrick Keane, Sherry Benton, and Gladyse Taylor subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment when they knowingly and with deliberate indifference forced Plaintiff to live in an overcrowded cell; and
>
> Count Two: Defendant Illinois Department of Corrections intentionally forced Plaintiff to live in an overcrowded cell in violation of the ADA and Rehabilitation Act.

Plaintiff also asserts that he "refuses to attend or rather participate in Defendants upcoming deposition that does not pertain to Plaintiffs' class action life or death – hospital emergency

situation." Defendants responded to this request asking the Court to order Plaintiff to participate in his schedule deposition. In their response, Defendants explain they mailed Plaintiff a Notice of Deposition on May 16, 2017 and assert that they are trying to proceed with discovery in this case, noting the deadline is June 20, 2017.

Insofar as Plaintiff's motion may be construed as a request to postpone or allow him to not participate in his deposition, his motion is **DENIED**. Defendants were given leave to depose Plaintiff pursuant to Federal Rule of Civil Procedure 30(a)(2) (*see* Doc. 28, p. 4). There is no indication that the notice provided to Plaintiff was inadequate (and, as Plaintiff apparently received notice by May 31, 2017, well in advance of his scheduled deposition, the Court finds notice was indeed reasonable). As Plaintiff has failed to provide any legitimate reason to continue his deposition, and Defendants appear ready to proceed, Plaintiff is **ORDERED** to attend (and participate) in his scheduled June 16, 2017 deposition. Plaintiff is **WARNED** that his failure to participate in said deposition may result in the imposition of sanctions pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, up to and including dismissal of this lawsuit.

### MOTION FOR STATUS (DOC. 102)

Plaintiff requests a status update on his renewed motion for appointment of counsel and amended proposed class action complaint. Plaintiff's motion for status is **GRANTED** insofar as Plaintiff is advised that his motion for appointment of counsel and motion to amend complaint are denied (as set forth above).

**IT IS SO ORDERED.**
**DATED: June 13, 2017**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**