# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC NORFLEET, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 15-CV-1279-SMY-DGW |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 98) recommending the denial of Plaintiff's motions for temporary restraining order and preliminary injunction (Docs. 56, 58). No objections to the Report and Recommendation have been filed. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(2); SDIL-LR 73.1(b). For the following reasons, Judge Wilkerson's Report and Recommendation is **ADOPTED** in its entirety.

Plaintiff Marc Norfleet filed this action asserting Eighth Amendment civil rights claims as well as an ADA and Rehabilitation Act claim against the Illinois Department of Corrections ("IDOC"), the IDOC Director Gladyse Taylor, IDOC Administrative Review Board ("ARB") Chairperson Sherry Benton and ADA Compliance Officer Patrick Keane, for forcing Plaintiff, a wheelchair bound inmate, to live in an overcrowded cell. Judge Wilkerson recommended that the TRO be denied because it had been *de facto* converted into a motion for preliminary injunction as the respondent was put on notice of the request and was given the opportunity to respond. Judge Wilkerson further recommended that Plaintiff's motion for preliminary injunction be denied because the defendants had no involvement in the alleged retaliation, i.e.,

Dr. Scott's alleged discontinuation of prescription medications.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Judge Wilkerson thoroughly discussed and supported his conclusion that Plaintiff has not demonstrated an entitlement to injunctive relief. The Court finds no error in Judge Wilkerson's findings, analysis and conclusions and adopts his Report and Recommendation.

**IT IS SO ORDERED.**

**DATED: June 16, 2017**

        **s/ Staci M. Yandle**
        **STACI M. YANDLE**
        **United States District Judge**