IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC NORFLEET, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-1279-SMY-DGW |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on Plaintiff Marc Norfleet's Motion for Reconsideration and Objections to Court's Doc. 104 (Doc. 106). For the reasons set forth below, Plaintiff's motion is **DENIED**.

Familiarity with the posture of this case is assumed (and is fully laid out in the Court's June 13, 2017 Order, Doc. 104).

In his motion for reconsideration, Plaintiff objects to this Court's June 13, 2017 Order denying his motion to amend his complaint, certify a class action, and appoint new counsel. Although Plaintiff's filing includes many irrelevant statements and is at times unclear (and at other times, combative), the Court attempts to address each argument in turn, as set forth below.

First, the Court discerns that Plaintiff believes he was misled that his previously-appointed counsel's duty was to assist Plaintiff in bringing a class action. Plaintiff's belief was misguided and unfounded. A review of the docket evidences no indication that the purpose of appointing Plaintiff counsel to this matter was to assist him in setting forth a class action lawsuit. In the Court's Order appointing counsel, it noted that Plaintiff is a disabled inmate proceeding on an

Eighth Amendment and ADA and Rehabilitation Act claims that may require significant discovery. The Court also recognized that Plaintiff's filings were difficult to comprehend and demonstrated Plaintiff's inability to communicate effectively. Nowhere in the Order does the Court contemplate a potential class action or direct counsel to assist in litigating the same.

Plaintiff also takes issue with the Court allowing counsel to withdraw after conducting a telephonic conference with counsel in which Plaintiff was not in attendance. Plaintiff asserts that counsel was allowed to withdraw without merit as counsel only sought to withdraw because he did not want the workload of handling a class action. Attached to Plaintiff's motion for reconsideration is a letter dated February 6, 2017 directed to Plaintiff from former counsel. Although the document is marked "confidential attorney-client communication", Plaintiff has clearly waived any attorney-client privilege by publicly filing it with his motion. In this letter, counsel indicates that "[o]ur reason for withdrawing is based upon your request during our February 6, 2017 phone conversation that we withdraw since we will not represent you in a class action" (Doc. 106-2, p. 7). It is apparent from this letter that there was a significant breakdown of the attorney-client relationship insofar as Plaintiff and his counsel had different views on how this matter should be handled. In the Court's Order appointing counsel, it clearly stated that counsel "has an obligation under the rules to refrain from filing frivolous pleadings" and, "[a]s a consequence, counsel will likely, from time to time, advise Plaintiff against taking a certain course of action." (*See* Doc. 76). The Court also indicated that "[i]f Plaintiff wants to be represented by counsel, he will have to cooperate fully with counsel" (*Id.*). Plaintiff cannot ask that counsel withdraw because they will not pursue a class action lawsuit (particularly in light of the Court's admonition that counsel be sure to refrain from filing frivolous pleadings), and then complain when counsel is allowed to withdraw and the Court declines to appoint new counsel.

Plaintiff also asks the Court to reconsider its denial of his motion to amend the complaint and bring forth a class action lawsuit. In particular, Plaintiff asserts that the Court's order addressed the wrong amended complaint. The Court reviewed Plaintiff's proposed amended complaint submitted in conjunction with Document 87 (submitted on March 10, 2017) while Plaintiff asserts the relevant proposed amended complaint was filed in conjunction with his motion at Document 53 (submitted on October 13, 2016). A review of the proposed amended complaint submitted in accordance with Plaintiff's motion at Document 53 in October, 2016 demonstrates its obvious similarity to the proposed amended complaint submitted in March, 2017. Indeed, the October, 2016 proposed amended pleading includes the same substantive content as the later proposed amended pleading, but does not include any reference to a class. Accordingly, the Court does not find that the October 2016 proposed amended pleading clearly sets forth the claims Plaintiff is attempting to bring.

Insofar as Plaintiff complains about the overcrowding of the ADA cells at Pinckneyville in his motion, Plaintiff has not requested any specific relief in this motion tied to this issue and the Court reminds Plaintiff that these issues are the basis of the claims pending in this lawsuit.

For the foregoing reasons, the Court finds that Plaintiff has not provided a significant reason for the Court to reconsider its previous ruling on Plaintiff's requests for new counsel and motion to amend the complaint and proceed as a class action. Accordingly, Plaintiff Marc Norfleet's Motion for Reconsideration and Objections to Court's Doc. 104 (Doc. 106) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: August 23, 2017**  

                    **DONALD G. WILKERSON**
                    **United States Magistrate Judge**