IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC NORFLEET, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:15-1279-SMY-DGW |
| IDOC, PATRICK DEAN, GLADYSE TAYLOR, and SHERRY BENTON, | ) |
| Defendants. | ) |

## ORDER

**WILKERSON, Magistrate Judge:**

Plaintiff's "Second Motion for Remedies Sought to be Exhausted" (Doc. 134); "Third Motion — Exhaustion of Remedies" (Doc. 135); and "Fourth Motion — Exhaustion of Remedies" (Doc. 139) are pending before the Court. For the reasons set forth below, the motions are **DENIED**.

## ANALYSIS

Plaintiff Marc Norfleet is a prisoner who uses a wheelchair for his mobility. On November 17, 2015, Norfleet filed a complaint alleging violation of his constitutional and statutory rights while he was incarcerated at Pickneyville Correctional Center (Doc. 1). The Court reviewed Norfleet's Complaint pursuant to 28 U.S.C. § 1915A, and he was allowed to proceed on two counts relating to allegations that he was forced to live in an overcrowded cell that did not accommodate his wheelchair (Doc. 5, pp. 3, 12).[1]

Almost exactly two years later, Norfleet filed the three pending motions, all of which raise

---

[1] Count 1 claims Norfleet's rights under the Eighth Amendment to the United States Constitution were violated by Defendants Keane, Taylor and Benton; Count 2 was claims Norfleet's rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.* were violated by Defendant IDOC (Doc. 5, p. 12).

new legal claims. Specifically, Norfleet alleges he was denied access to outdoor yard activities and the use of a coat due to his disability (Doc. 134, p. 3; Doc. 135, pp. 1, 3; Doc. 139, p. 1). Although Norfleet has titled these motions as relating to "exhaustion of administrative remedies," the Court construes them to actually be a request by Norfleet to supplement his pleadings.[2]

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend, as a matter of course, shall be freely given to a party when justice so requires. The Seventh Circuit has adopted a "liberal policy" respecting amendments to pleadings so that cases may be decided on their merits and not on the basis of technicalities. *Stern v. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). Additionally, "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989). The district court's decision to grant or deny a motion for leave to file an amended pleading is "a matter purely within the sound discretion of the district court. *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. 2004) (quoting *J.D. Marshall Int'l, Inc. v. Redstart, Inc.,* 935 F.2d 815, 819 (7th Cir.1991)). However, a court may deny a party leave to amend in the presence of undue delay, futility, bad faith, prejudice, or dilatory motive. *Indiana Funeral Directors Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003); *see also*: *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). Undue prejudice has been found in cases where the amendment creates entirely new and separate claims, adds new parties, or would require expensive and time-consuming new discovery. *Conroy v. Datsun Ltd. v. Nissan Motor Corp. in U.S.A.,* 506 F.Supp. 1051, 1054 (N.D. Ill. 1980); *See also Murphy v. White Hen Pantry Co.,* 691 F.2d 350, 353 (7th Cir. 1982) (district court did not abuse its discretion in refusing to allow plaintiffs to amend

---

[2] Fed. R. Civ. P. 15(d), addresses when pleadings may be supplemented due to events that occurred after filing of the original pleadings. *See Glatt v. Chicago Park Dist.,* 87 F.3d 190, 194 (7th Cir. 1996). The same standard applies to motions to amend and motions to supplement pleadings. *Id.*

their complaint where motion was filed after parties had completed discovery and where motion would inject an entirely new theory into the litigation).

Here, the new allegations raised by Norfleet are alleged to have taken place at a completely different prison, involve completely different factual allegations, and are brought against completely different individuals (Doc. 134, pp. 5-9). Thus, if the Court were to allow Norfleet to supplement the pleadings, the parties would quite literally be back at the start of litigation. This is particularly problematic given that discovery has already been completed and the deadline for dispositive motions has passed (Doc. 95).

The Court finds, therefore, that allowing Norfleet to supplement the pleadings at this stage in the litigation would cause undue hardship. As a result, Norfleet's "Second Motion for Remedies Sought to be Exhausted" (Doc. 134), "Third Motion — Exhaustion of Remedies" (Doc. 135), and "Fourth Motion — Exhaustion of Remedies" (Doc. 139) are **DENIED.** The Court clarifies, however, that nothing in this Order prevents Norfleet from filing these allegations as a new and separate complaint.

**SO ORDERED.**

**DATED:** December 13, 2017

                                           **DONALD G. WILKERSON**
                                           **United States Magistrate Judge**